

MAY - 8 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:05CR88

JABRON AHKEE CLARKE

## MEMORANDUM OPINION

Jabron Ahkee Clarke, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 268). The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Clarke pled guilty to conspiracy to possess with intent to distribute five grams or more of cocaine base. (Plea Agreement 1, ECF No. 48.) On November 9, 2005, the Court entered judgment against Clarke and sentenced him to 235 months of imprisonment. (J. 2, ECF No. 94.)[1] Clarke did not appeal.

On August 26, 2012, Clarke executed and placed his § 2255 Motion in prison mail system for transmission to this Court.

---

[1] The Court subsequently reduced Clarke's sentence to 120 months. (ECF No. 266.) Clarke has been released from incarceration.

The Court deems the § 2255 Motion filed as of that date. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Clarke asserts entitlement to relief upon the following ground:[2]

| | |
|---|---|
| Claim One: | Clarke's "prior convictions were not eligible for enhancement pursuant to criminal history points." (§ 2255 Mot. 5.) Clarke received various points; because of prior convictions. In which under "new rules" a prior conviction must exceed more than a year imprisonment, and the courts must look at the defendant's offense, and not hypothetically say what his maximum could have been." (<u>Id.</u>) |

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] The Court corrects the spelling and capitalization in quotations from Clarke's submission.

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. The Statute Of Limitations Bars Clarke's § 2255 Motion

Because Clarke did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, November 23, 2005, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Clarke had until Friday, November 24, 2006 to file any motion under 28 U.S.C. § 2255. Because Clarke did not file his § 2255 Motion until nearly six years after that date, the statute of limitations bars the § 2255 Motion unless Clarke demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or equitable tolling.

3

In arguing for the timeliness of his § 2255 Motion, Clarke states, in sum: "Was not aware of "new rule" <u>United State[s] v. Simmons</u>, [649 F.3d 237 (4th Cir. 2011)], <u>United State[s] v. [ ]Thompson</u>, [480 F. App'x 201 (4th Cir. 2012)] which bring equitable tolling." (§ 2255 Mot. 13.) The Court construes Clarke to argue that under <u>Simmons</u> and <u>Thompson</u> "his prior convictions were not eligible for criminal history points" because a prior conviction must exceed more than one year of imprisonment. (§ 2255 Mot. 5.)[3] To the extent Clarke asserts entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3) because <u>Simmons</u> was a "right [that]

---

[3] In <u>Simmons</u>, the United States Court of Appeals for the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. <u>Simmons</u>, 649 F.3d 243-35. The Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a <u>hypothetical</u> defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's <u>actual</u> level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (citing <u>Simmons</u>, 649 F.3d at 241).
In a related case, <u>United States v. Thompson</u>, 480 F. App'x 201, 204 (4th Cir. 2012), the Fourth Circuit held that the relevant inquiry is not the actual sentence the defendant received, but "whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." <u>Id.</u> The Court fails to discern and Clarke fails to explain how <u>Simmons</u> or <u>Thompson</u> provide Clarke any relief.

4

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," he is incorrect. 28 U.S.C. § 2255(f)(3). <u>Simmons</u> "is not a Supreme Court decision recognizing a new right, [thus] it . . . cannot be invoked in connection with the limitation period onset contemplated by § 2255(f)(3)." <u>Bowman</u>, 561 F. App'x at 298. Moreover, Clarke fails to demonstrate entitlement to a belated commencement of the limitation period or equitable tolling. <u>See</u> <u>United States v. Whiteside</u>, 775 F.3d 180, 184-87 (4th Cir. 2014) (rejecting the notion that the decision in <u>Simmons</u> provides a basis for belated commencement under 28 U.S.C. § 2255(f)(4) or equitable tolling). Accordingly, the statute of limitations bars Clarke's § 2255 Motion.

### III. CONCLUSION

For the foregoing reasons, Clarke's § 2255 Motion (ECF No. 268) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Clarke and counsel for the Government.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 8, 2015
Richmond, Virginia